UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEAN CHESTER CUILLIER | CIVIL ACTION |
| VERSUS | NO. 07-5841 |
| ALLSTATE INSURANCE COMPANY | SECTION:  C (2) |

### ORDER

This matter is before the Court on the issue of its subject matter jurisdiction in this removed action. The Court previously ordered briefing on whether the jurisdictional amount of $75,000 existed at the time of removal (Rec. Doc. 3). Having considered the record, the memoranda and the law, the Court has determined that it lacks jurisdiction for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.

1

*Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.*   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  *Id.*  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).  The jurisdictional facts supporting removal are examined as of the time of removal.  *See Gebbia v. Wal-Mart Stores, Inc*. 233 F.3d 880, 883 (5th Cir. 2000).

In response to the Court's order, Allstate Insurance Company ("Allstate") filed a memorandum that attempted to show that the jurisdictional minimum was met (Rec. Doc. 6).  To illustrate the amount in controversy, Allstate points to the plaintiffs' policy limit of $49,931 under dwelling, $2,497 for personal property, and reimbursement for up to twelve months of loss of income/loss of rents.  Allstate has tendered to date a total of $11,951.93, leaving $40,476.07, plus up to twelve months of loss of income/loss of rent available under the policy limits.  Allstate also asserts that the plaintiffs' request for attorneys' fees and penalties places their claim over the jurisdictional minimum.

It is not facially apparent nor have facts been set forth at this time to show that the jurisdictional minimum was met on the date of removal. The relevant inquiry concerns damage to the property, not the value of the policy. Furthermore, although Allstate notes that the plaintiffs has failed to sign a binding stipulation, a failure to stipulate is only one factor to consider in determining whether a removing party has met its burden, and alone does not establish that this Court has jurisdiction. *See Carbajal v. Caskids Oil Operating Co.*, 2006 WL 1030392 (E.D.La.). In addition, the plaintiff claims that his damages are less than $75,000. In their response to the Court's order, the plaintiff states that his unaccounted for damages are $34,061.72 in additional damages on the structure, and $5400 in lost rent. Rec. Doc. 7. Though the defendant notes that the plaintiff has also made claims for penalties and attorneys' fees, it must do more than point to the possibility of attorneys' fees and must present facts indicating the propriety of such penalties. *See Thompson v. Allstate Insurance Company*, 2007 WL 763219 (E.D.La.).

Thus, based on the record and the law, the Court finds that the defendant has not established that it is facially apparent that the claims are likely above the jurisdictional minimum or set forth facts in controversy that support a finding of the jurisdictional minimum. The Court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 27th day of December, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE